UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Naseef Bryan

    v.　　　　　　　　　　　　　　　　Civ. No. 24-cv-150-LM-AJ

Merrimack Police Department
Brian Masker

## REPORT AND RECOMMENDEDATION

    Pro se plaintiff Naseef Bryan, appearing in forma pauperis, filed a complaint (Doc. No. 1) against the Merrimack, New Hampshire, Police Department ("MPD") and MPD Officer Brian Masker, relating to his arrest in May 2019.  The complaint if before the undersigned Magistrate Judge for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).  As explained more fully below this case should be dismissed because it was filed after the applicable statute of limitations had expired.

## Standard of Review

    The magistrate judge conducts a preliminary review of pleadings, like Mr. Bryan's, that are filed in forma pauperis. See LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a

claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Finally, dismissing an action based on an affirmative defense upon preliminary review is permissible if the facts alleged in the complaint, or matters susceptible of judicial notice, conclusively establish the elements of the affirmative defense.  See Gray v. Evercore Restructuring LLC, 544 F.3d 320, 324 (1st Cir. 2008).

### Factual Background[1]

According to a criminal complaint attached to his complaint in this case, Mr. Bryan was arrested by Officer Masker for criminal threatening on May 21, 2019.  He was accused of pointing a gun at another motorist in a "road rage" incident in

---

[1] The court recites the facts as set forth in Mr. Bryan's complaint and affidavit, as well as documents appended to his complaint, including a police report and grand jury return.

Merrimack. Compl. (Doc. No. 1) at 11-13. A grand jury, however, returned a no true bill on July 16, 2019, effectively ending the criminal case. Id. at 15.

Mr. Bryan alleges that he was arrested without sufficient evidence to support the charges against him, his firearm was illegally seized and that he was defamed by the commencement of criminal charges. The court construes the arrest and firearm seizure claims to be brought pursuant to 42 U.S.C. § 1983 and the defamation claim pursuant to New Hampshire common law.

## Discussion

It is clear from the facts in the complaint and the attachments Mr. Bryan has filed that his claims are barred by the applicable statutes of limitations. Section 1983 cases borrow the relevant limitations period applied in personal injury cases in the state where the claim arose. Rose v. Governor, State of New Hampshire, No. 19-CV-311-LM, 2019 WL 3938081, at *2 (D.N.H. July 12, 2019), report and recommendation adopted sub nom. Rose v. NH, No. 19-CV-311-LM, 2019 WL 3935365 (D.N.H. Aug. 19, 2019), aff'd sub nom. Rose v. Sununu, No. 19-2039, 2020 WL 6472396 (1st Cir. June 8, 2020).

The statute of limitations for § 1983 claims arising out of events occurring in New Hampshire is three years. See Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010); see also N.H. Rev. Stat. Ann. § 508:4. Mr. Bryan was arrested in May 2019, roughly

3

five years before commencing this lawsuit. The three-year limitations period for filing suit concerning that occurrence expired no later than July 16, 2022, three years after the grand jury no true bill return.  Similarly, New Hampshire's three-year statute of limitations for libel and slander cases, N.H. Rev. Stat. Ann. § 508:4, II, expired long before Mr. Bryan filed this action. Nothing in the complaint suggests that the limitations period should be tolled to allow the court to deem it timely filed. Accordingly, the statute of limitations bars Mr. Bryan's claims.

## Conclusion

For the foregoing reasons, the district judge should dismiss this case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See

Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                  _____
                                                                  Andrea K. Johnstone
                                                                  United States Magistrate Judge

June 12, 2024

cc: Naseef Bryan, Jr., pro se